**STATE ex EDEN v KUNDTS et, etc**

Ohio Appeals, 2nd Dist, Franklin Co

No 2240. Decided April 11, 1933

L. P. Henderson, Columbus, for relator.
John L. Davies, Columbus, E. W. McCormick, Columbus, and Charles R. Petree, Columbus, for respondents.

BY THE COURT

The issues were drawn by the answer of respondents, the first defense in which is substantially a general denial. The second defense sets forth the resignation of relator, its acceptance, and avers that the entire period of service of relator in the Division of Police of the city of Columbus was less than nine years; pleads the ap-

plication and rejection of relator's claim on February 2, 1931, and March 7th, 1932, and pleads Rule 22 of the Police Relief Fund of the city of Columbus and §1 of Rule 15 of the Rules governing the Board of Trustees of the Police Relief Fund; both of the rules were in effect on August 29, 1929.

To this second defense of the answer a general demurrer is filed which will be overruled. It states a defense to the allegations of the petition. At the time of the hearing it was understood that if the demurrer was overruled a reply could be tendered and filed and this may be done.

Coming to a consideration of the evidence submitted in this case we are required to say that upon any view of the rules and by-laws providing for pension or aid for policemen who have retired from the service we find no support for the claim of relator in this case. §1, Rule 15 of the rules of the Board of Trustees of the Police Relief Fund provides:

"Any member of the Division of Police who has served faithfully for a period of twenty-five actual years, may voluntarily retire by resignation or when honorably retired by the Director of Public Service, shall in either of said events, upon the approval of the Board of Trustees of the Police Relief Fund be paid from said fund a pension of one thousand dollars per year, payable in twelve monthly installments of eighty-three dollars and thirty-one cents."

Rule 22 of the Police Relief Fund of the city of Columbus is as follows:

"Members who have resigned, except as provided in §1 of Rule 15, or who are dismissed from the force for violation of any of the rules of the department of public safety, shall have no interest or claim in the Police Relief Fund and shall not be allowed a pension."

The rights of those for whom the pensions are created in the Police Department are purely creatures of statute, ordinance, rule or by-law enacted thereunder. They are the measuring stick upon which determination shall be made whether or not an applicant is entitled to relief. Without such provision no rights would exist, and only those rights are assured which are specifically provided by the rules and by-laws so enacted. Both of the rules heretofore quoted must be considered on the claim of the relator in this case. There can be no question but that he resigned from the service, and if it is urged it does not sufficiently appear that he did not have mental capacity to appreciate his act of resignation when tendered. This in itself would bar the relator. Likewise the provisions of §1, Rule 15, can not be found to have been observed by relator. He had not at the time of his application for pension, at the time of his injury or at the time of the institution of this suit served faithfully as a poice officer for a period of twenty-five actual years. He was not honorably retired by the Director of Public Safety, but retired by resignation. We would disregard a patent fact if we would hold that the relator was honorably discharged. Likewise we would do violence to the facts if in the face of many years of active service as a policeman we should now say that relator was permanently incapacitated to do that which he had performed.

There are equities in this case because of certain physical infirmities from which relator suffers which appeal to this court, and which we might recognize if in our power so to do. We are cognizant of the faithfulness and persistence with which the wife of the relator has pressed the claim of her husband for a pension under distressing and discouraging circumstances. It is unfortunate that some one in authority did not definitely apprise her and her husband of their rights before resort was had to this court in mandamus. There is not a shadow of right to a pension to be found in the claim of the relator upon any authority of rule or by-law ·of the Board of Trustees of the Police Relief Fund.

Mandamus will only issue when the individual or officer against whom it is directed has a clear duty and obligation to perform the act or extend the relief requested in the prayer of the petition. The petition for a writ of mandamus will be dismissed.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.